# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ELECTRONICALLY FILED
Superior Court of California
County of Alameda
02/27/2025
Chad Finke, Executive Officer / Clerk of the Court
By: A. Kargbo Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
TESLA, INC., dba TESLA MOTORS INC. and DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
REGINALD KING

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Hayward Hall of Justice
24405 Amador Street
Hayward, CA 94544

CASE NUMBER: *(Número del Caso):* 25CV113708

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Emily Abraham 285019 (510) 982-1142
4101 DUBLIN BLVD, STE. F1022 DUBLIN, CA 94568-4603

DATE: *(Fecha)* 02/27/2025 Chad Finke, Executive Officer / Clerk of the Court Clerk, by *(Secretario)* A. Kargbo [signature], Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Telsa, Inc.
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☑ by personal delivery on *(date)*: 03/21/25

Page 1 of 1



Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606

Emily Abraham (CA SBN 285019)
emily@abrahamgautam.com
Gautam Jagannath (CA SBN 285020)
gautam@abrahamgautam.com
**ABRAHAM & GAUTAM, LLP**
*Civil Rights Boutique*
4101 Dublin Blvd, Suite F
Dublin, CA 94568
(p) 510.982.1190 (office)
(f) 510.761.7721(fax)

*Attorneys for the Plaintiff*
**REGINALD KING**

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
02/27/2025 at 04:31:17 PM
By: Abdul Kargbo,
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF ALAMEDA**
**UNLIMITED CIVIL DIVISION**

**REGINALD KING,**

Plaintiff,

vs.

**TESLA, INC.**, dba TESLA MOTORS INC. and DOES 1-20,

Defendants.

Case No.: 25CV113708

**COMPLAINT FOR DAMAGES**

1. Retaliation under FEHA
2. Racial Discrimination under FEHA
3. Whistleblower Protection Act
4. Retaliation for Reporting Workplace Safety Violations
5. Failure to Prevent Discrimination and Retaliation
6. Hostile Work Environment under FEHA
7. Wrongful Discharge in Violation of Public Policy
8. Negligent Hiring, Supervision, or Retention
9. Failure to Pay Overtime Compensation
10. Failure to Provide Accurate Itemized Wage Statements
11. Failure to Pay Wages for All Hours Worked
12. Unfair Business Practices
13. Waiting Time Penalties
14. Violation of PAGA

**JURY TRIAL DEMANDED**

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE


Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606

## INTRODUCTION

1. Californian law provides strong protections for employees in areas related to workplace discrimination, retaliation, wage and hour laws, and employee classification. These protections are codified in various provisions of the California Labor Code ("Lab. Code"), the Fair Employment and Housing Act ("FEHA"), and the California Private Attorneys General Act ("PAGA").
2. This case arises from multiple violations by Defendant, Tesla, Inc., including racial and disability discrimination, retaliation against Plaintiff for engaging in protected activities, wrongful termination, and failure to pay wages owed under California law.
3. FEHA (Cal. Gov. Code § 12940 et seq.) prohibits discrimination and harassment based on race, disability, and other protected characteristics. Employers may not treat African American employees less favorably because of their race, deny them opportunities for advancement available to non-African American employees, or create a hostile work environment. Likewise, employers may not discriminate against employees for suffering workplace injuries or raising concerns about unsafe working conditions.
4. Defendant engaged in discriminatory and retaliatory conduct against Plaintiff by subjecting him to disparate treatment, denying him promotions, subjecting him to a hostile work environment, and ultimately terminating him under pretextual grounds. Despite Plaintiff's repeated complaints regarding these unlawful practices, Defendant failed to take corrective action.
5. FEHA also strictly prohibits retaliation against employees who report workplace violations (Cal. Gov. Code § 12940(h)). Additionally, California law provides multiple avenues of protection for employees who report unlawful conduct, including protections for employees from retaliation for disclosing or refusing to participate in violations of law (Labor Code §


Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

1102.5), protections for employees from retaliation for complaining about wage and hour violations (Labor Code § 98.6), and protections for employees from retaliation for reporting workplace safety violations (Labor Code § 6310).

6. Plaintiff engaged in protected activities under these statutes by raising concerns about racial discrimination, workplace safety hazards, and unpaid wages. In response, Tesla failed to remedy these violations and instead retaliated against Plaintiff, culminating in his wrongful termination.

7. California's wage and hour laws require employers to compensate employees for all hours worked, including overtime, and to provide meal and rest breaks as required by law. Defendant failed to comply with these obligations by routinely requiring Plaintiff to work twelve-hour shifts without full compensation for all hours worked and overtime, and by failing to compensate him for waiting times before clocking in for shifts.

8. Defendant's wage violations, including failure to pay overtime wages as required by California Labor Code §§ 510 and 1194 and failure to compensate for off-the-clock work, deprived Plaintiff of earned wages in violation of state law.

9. The Private Attorneys General Act ("PAGA") (Cal. Lab. Code §§ 2698 et seq.) allows employees to pursue civil penalties against employers who violate labor laws. Plaintiff asserts claims under PAGA on behalf of himself and similarly situated employees who were subjected to Tesla's unlawful wage practices, failure to prevent discrimination, and retaliatory conduct.

10. Defendant's actions also violate California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200 et seq.), which prohibits unlawful, unfair, and fraudulent business practices. Tesla's systemic failure to pay employees properly and its retaliation against workers who reported labor violations constitute unfair competition under California law.


Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606

11. Through this action, Plaintiff seeks compensation for lost wages, damages for emotional distress, civil penalties under PAGA, and punitive damages for Tesla's willful and malicious violations of California law.

**PARTIES**

12. The Plaintiff, REGINALD KING ("King" or "Plaintiff), alleges employment causes of action against TESLA, INC. and DOES 1-20, inclusive.

13. At all times relevant to this Complaint, Plaintiff is an African American adult individual living in Fremont, California in Alameda County.

14. TESLA, Inc. ("Tesla") is a corporation headquartered in Texas, with locations in California, including Alameda County. Tesla is doing business in California as Tesla Motors, Inc. Plaintiff worked at Tesla's Fremont Factory.

15. At all relevant times, Tesla regularly employed five or more employees in the State of California and was covered under applicable State and Federal employment laws.

16. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants, DOES 1 through 20 ("DOES"), is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those Defendant.

17. Plaintiff is informed and believes, and thereon alleges, that at all times relevant to this Complaint, all Defendants, including fictitiously named Defendant DOES, were the agents, servants, alter egos, affiliates, employers, principals and/or employees of each other and engaged in the conduct alleged herein within the course, scope and authority of their respective capacities and/or were the joint employers of Plaintiff.

18. Plaintiff reserves the right to amend this Complaint to substitute the true names and capacities of the Defendants currently identified as DOES 1 through 20, inclusive, when their identities and involvement become known. Upon obtaining such information, Plaintiff will promptly

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

amend the pleadings to accurately reflect the identities and roles of these Defendants in accordance with applicable law.

**JURISDICTION AND VENUE**

19. This Court has subject matter jurisdiction over this matter because the amount in controversy exceeds $25,000.00 and the causes of action are California employment violations. Code Civ. Proc. § 85(a).

20. Venue is proper because Defendants conducted business and hired employees to work at a jobsite in Fremont, located in Alameda County. Code Civ. Proc. § 395(a).

21. Venue for this action is proper because all the events, acts and omissions giving rise to this action occurred in Alameda County. Code Civ. Proc. § 395.

22. This Court has personal jurisdiction over Defendants because they reside in California and/or have engaged in substantial business activities within this state, giving rise to the claims asserted herein. Code Civ. Proc. § 410.10.

23. Plaintiff was employed in California, and all claims arise from work performed in California. Defendants may not enforce any forum-selection clause (if such exists) to circumvent this Court's jurisdiction. Lab. Code § 925.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

24. A complaint was filed on behalf of Plaintiff with the California Civil Rights Department against Defendants pursuant to the California Fair Employment Housing Act (FEHA) – Government Code section 12900 et seq.

25. The complaint with the appropriate regulatory bodies alleged that the acts described in the complaint violated FEHA. California issued Plaintiff a "right-to-sue" letter on or about April 10, 2024. The right to sue letter specified a one-year timeframe to file a lawsuit.

**STATEMENT OF FACTS**


Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606

26. Plaintiff, Reginald King, was employed by Defendant, Tesla, Inc., initially from March 2016 to September 2016 and later rejoined as an employee in September 2019.

27. Tesla is engaged in manufacturing electric vehicles in Fremont, California.

28. Plaintiff held various roles at Tesla, including Production Associate and Quality Technician, consistently performing at or above expectations.

29. In September 2016, Plaintiff was stationed at the water bottle installation area, where he was required to use a manual forty-pound pneumatic tool for 12-hour shifts, six days a week. The tool frequently over-torqued, or applied too much twisting force, causing repetitive strain injuries.

30. Plaintiff reported the strain and risk of injury due to the over-torquing tool to Tesla, but no protective action was taken. As a result, he sustained severe injuries to his right shoulder, elbow, and ring finger, requiring multiple surgeries, including the removal of part of his collarbone.

31. Plaintiff is aware of other employees who suffered similar repetitive strain injuries, and Tesla was aware of these injuries but failed to act.

32. Plaintiff was out of work due to this work-related injury until 2019.

33. When Plaintiff rejoined Tesla in fall 2019 as a Production Assistant, a Tesla lead named "Brandon" referred to Plaintiff as "hot coals," indicating that Tesla viewed him as a liability due to his prior injury.

34. Plaintiff worked shifts in a makeshift tent without adequate safety precautions. Defendant failed to install safety mats although Defendant knew that the conditions were unsafe for employees working in that area of the factory. Plaintiff raised this concern multiple times with Defendant who did nothing to alleviate the workplace safety concerns.


Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

35. Due to the working conditions, Plaintiff suffered another injury in September 2021, tearing ligaments in his ankle and developing bone spurs in his heel due to prolonged standing on hard surfaces without proper ergonomic accommodations.

36. Plaintiff was out of work due to this work-related injury from September 2021 until January of 2023, when his doctor approved his return after a full recovery. During that time, Plaintiff underwent ankle/foot surgery and also physical therapy.

37. Plaintiff returned to work in January 2023. Plaintiff was assigned 12-hour shifts from 7 A.M. to 7 P.M.

38. In June 2023, Tesla installed a new conveyor belt system that required Plaintiff to stand on hard steel for 12-hour shifts. Plaintiff complained about workplace safety and the risk of reinjury to his ankle, requesting rubber mats to provide cushioning. Despite multiple complaints by Plaintiff Tesla failed to install safety mats in hazardous work areas.

39. Tesla only installed mats months later, after repeated complaints.

40. Although African American employees comprised approximately 45-50% of Tesla's workforce, there were almost no African American male supervisors or managers at the Fremont Factory.

41. Plaintiff observed that African American employees were consistently denied promotions while other employees with less experience were advanced.

42. Despite receiving many performance raises and awards, Plaintiff's attempts to obtain promotions were denied, while non-African American employees with fewer accolades were promoted.

43. In July 2023, Plaintiff participated in a Human Resources roundtable, where he raised concerns about unsafe working conditions and Tesla's handling of workplace injuries.


Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

44. During the roundtable, Plaintiff also expressed concerns that while nearly half of Tesla's employees were African American, there were virtually no African American male supervisors.

45. Further, in summer 2023, a non-African American coworker named Wayne repeatedly referred to Plaintiff using a racial slur in the presence of a lead employee. Plaintiff found this deeply offensive.

46. Following Plaintiff's participation in the HR roundtable, management's treatment of him worsened, leading to increased scrutiny and unwarranted performance critiques.

47. In July 2023, Plaintiff received a performance rating of 3 out of 5 despite his history of strong performance, awards, and contributions.

48. During his one-on-one performance review, Plaintiff's manager, Joaquin Reyes, informed him that he was excelling and in line for a promotion.

49. However, when Plaintiff received a small 4% raise along with a Performance Award for outstanding work, he complained to Tesla. Plaintiff filed a formal complaint with HR, but his HR representative, Bree Turner, was on vacation at the time. Upon her return, she was surprised to learn that Plaintiff had been fired.

50. Plaintiff believes this reduced raise was retaliation for his criticism, particularly given his strong performance, mentorship of new employees, and problem-solving skills.

51. In October 2023, Plaintiff was nominated for an award from the Compensation Committee that was set to vest on December 5, 2023.

52. Plaintiff rarely received proper overtime compensation despite frequently working 12-hour shifts.

53. The timekeeping system often malfunctioned, requiring manual input of hours, leading to payroll errors and missing pay.


Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

54. Plaintiff and others frequently waited in long lines before he could clock in for work and clock back in after lunch. Tesla did not compensate employees for this waiting time.

55. Tesla required employees to clock in at their designated work areas rather than at the front gate, which further delayed their ability to record work hours given that around five-hundred 500 employees would arrive in the morning at the same time to enter the workplace grounds and all had to make it to their designated work sites before clocking in.

56. When Plaintiff complained about missing hours on his paycheck or missed overtime pay, his manager told him that he would "look into it" but never got back to Plaintiff.

57. On or around November 16, 2023, Plaintiff was terminated following allegations that a vape cartridge was found inside his car.

58. Plaintiff categorically denies these allegations and was not in or near his vehicle at the time of the alleged incident. Plaintiff was not smoking or using a vape during his break.

59. Witnesses, including Plaintiff's job lead and a coworker, confirmed that Plaintiff was inside the factory cafeteria on a break.

60. Tesla's own security guard described the alleged vape cartridge as "simply a piece of trash" and admitted it was not connected to Plaintiff.

61. Plaintiff believes his termination was retaliatory and directly linked to his participation in the HR roundtable, complaints about unsafe working conditions and racial discrimination against African American employees.

62. Plaintiff's termination occurred less than two months after receiving a performance raise and less than two weeks before his Compensation Committee award was set to vest.

63. Plaintiff filed a pro se complaint with the Equal Employment Opportunity Commission (EEOC), alleging discrimination based on race and disability.


Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606

64. In August 2024, the EEOC summarily dismissed Plaintiff's complaint, citing no race discrimination based solely on the vape incident. However, the dismissal did not address disability discrimination or any other factors.

65. Plaintiff was wrongfully terminated in retaliation for his complaints about discrimination and unsafe work conditions.

66. Tesla's actions, including racial discrimination, retaliation, wrongful termination, and wage violations, caused Plaintiff significant financial and emotional harm.

67. Plaintiff seeks relief for the damages suffered as a result of Defendant's unlawful actions.



## FIRST CAUSE OF ACTION
**Retaliation under Fair Employment and Housing Act**
California Government Code § 12940(h)

68. Plaintiff realleges and incorporates herein by reference, each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

69. FEHA protects employees from retaliation by employers for engaging in protected activities, including opposing workplace discrimination or harassment (§ 12940(h)) and filing a complaint or participating in investigations related to discrimination or harassment (§ 12940(j)).

70. During the course of employment by Defendant Plaintiff engaged in multiple protected activities under California FEHA.

71. Plaintiff raised complaints with Defendant regarding workplace safety, Defendant's lack of concern for worker safety, and his resulting injuries.

72. Plaintiff participated in discussions during the HR roundtable in which Plaintiff expressed concerns to Defendant about management's lack of response to Plaintiff's complaints about workplace safety and concerns about racial discrimination.

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

73. As a result of Plaintiff engaging in these protected activities, Defendant subjected Plaintiff to adverse employment actions in retaliation.

74. Defendant denied Plaintiff promotions and lateral transfer opportunities for which Plaintiff was qualified while granting such opportunities to less-qualified employees who did not engage in protected activities.

75. As a result of the Plaintiff's disclosure or report, the Defendant subjected the Plaintiff to adverse employment action, including but not limited to, denial of promotion, denial of lateral transfers, a poor performance review, and finally termination.

76. Within months of Plaintiff's participation in the HR roundtable, Defendant fired Plaintiff.

77. Defendant terminated Plaintiff's employment on November 2, 2023, based on a pretextual and unfounded accusation regarding a vape cartridge found near Plaintiff's registered vehicle, despite no evidence connecting Plaintiff to the vape cartridge and witness testimony supporting Plaintiff's whereabouts inside the factory at the time of the alleged incident.

78. Plaintiff was never cited for violating any rules against smoking at the workplace or any other workplace norm until the very end.

79. As a direct and proximate result of Defendant's retaliatory actions, Plaintiff suffered economic damages, including but not limited to lost wages, lost benefits, and diminished earning capacity.

80. Plaintiff has also suffered non-economic damages, including emotional distress, humiliation, and harm to professional reputation as a direct result of Defendant's retaliatory actions.

81. Defendant's conduct was willful, malicious, and oppressive, entitling Plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION
## Racial Discrimination under FEHA
Cal. Government Code § 12940(a)


Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606

82. Plaintiff realleges and incorporates herein by reference, each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

83. California's Fair Employment and Housing Act (FEHA) prohibits employers from discriminating against employees on the basis of race. California Government Code § 12940(a) states that it is an unlawful employment practice for an employer to discriminate against an employee in compensation or in terms, conditions, or privileges of employment based on race.

84. At all relevant times, Plaintiff was an employee of Defendant and a member of a protected class under FEHA as an African American individual.

85. Defendant engaged in unlawful discrimination against Plaintiff on the basis of his race by subjecting him to disparate treatment.

86. Defendant denied Plaintiff promotions and lateral transfers for which he was qualified, while granting such opportunities to similarly situated non-Black employees with lesser qualifications or performance records;

87. Defendant issued Plaintiff lower performance evaluations, despite his history of strong performance, awards, and contributions;

88. Defendant subjected Plaintiff to harsher scrutiny and discipline, culminating in his wrongful termination based on pretextual accusations related to an alleged vape cartridge.

89. Defendant treated similarly situated non-Black employees more favorably by granting them lateral transfers upon return from injuries, promotional opportunities, and avoiding adverse employment actions under similar circumstances.

90. Plaintiff's race was a substantial motivating factor in Defendant's adverse employment actions.

91. Defendant's alleged justification for terminating Plaintiff—an unfounded claim regarding a vape cartridge—was merely a pretext for racial discrimination.


Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606
ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

92. As a direct and proximate result of Defendant's racial discrimination and wrongful termination of Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, including retirement contributions and seniority, and has suffered humiliation, extreme and severe mental anguish, emotional distress normally associated with such discrimination and retaliation, and pain and suffering, among other damage. Plaintiff is therefore entitled to general and compensatory damages in an amount to be proven at trial.

93. In doing the acts herein alleged, Defendant, and each of them, acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and the oppressive fraudulent, and malicious conduct was perpetrated, authorized, or ratified by one or more officers, directors, or managing agents of Defendant, and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of trial.

**THIRD CAUSE OF ACTION**
**Whistleblower Protection Act**
Labor Code § 1102.5

94. Plaintiff realleges and incorporates herein by reference, each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

95. California Labor Code § 1102.5 protects employees from retaliation for disclosing or reporting information they reasonably believe to constitute a violation of federal, state, or local laws, rules, or regulations, or unsafe working conditions.

96. The disclosure may be made internally within the company's own reporting chain of command or human resources or externally with law enforcement or other entities.

97. Plaintiff disclosed or reported information about conduct believed to violate laws, regulations, or workplace safety standards.


Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606

98. As a result of the Plaintiff's disclosure or report, the Defendant subjected the Plaintiff to adverse employment action, including but not limited to, denial of promotion, poor performance reviews, and finally termination.

99. Defendant's allegations that Plaintiff was in violation of Defendant's anti-drug policies was simply a pretext for the adverse employment action taken.

100. As a direct and proximate result of Defendant's retaliatory actions, Plaintiff suffered economic damages, including but not limited to lost wages, lost benefits, and diminished earning capacity.

101. Plaintiff has also suffered non-economic damages, including emotional distress, humiliation, and harm to professional reputation as a direct result of Defendant's retaliatory actions.

102. Defendant's conduct was willful, malicious, and oppressive, entitling Plaintiff to an award of punitive damages.

## FOURTH CAUSE OF ACTION
**Retaliation**
Labor Code § 6310

103. Plaintiff realleges and incorporates herein by reference, each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

104. California Labor Code § 5310 protects employees from retaliation for reporting unsafe working conditions to the employer, Cal/OSHA, or a government agency. This includes participating in workplace safety investigations or complaining about workplace injuries and/or safety hazards.

105. Plaintiff disclosed or reported information about workplace safety at Tesla, including information about his injuries and lack of responsiveness from Tesla to improve workplace safety, and participating in an HR roundtable.

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE


Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606

106. As a result of the Plaintiff's disclosure or report, the Defendant subjected the Plaintiff to adverse employment action, including but not limited to, denial of promotion, poor performance reviews, and finally termination.

107. Defendant's allegations that Plaintiff was in violation of Defendant's anti-drug policies was simply a pretext for the adverse employment action taken.

108. As a direct and proximate result of Defendant's retaliatory actions, Plaintiff suffered economic damages, including but not limited to lost wages, lost benefits, and diminished earning capacity.

109. Plaintiff has also suffered non-economic damages, including emotional distress, humiliation, and harm to professional reputation as a direct result of Defendant's retaliatory actions.

110. Defendant's conduct was willful, malicious, and oppressive, entitling Plaintiff to an award of punitive damages.

## FIFTH CAUSE OF ACTION

**Failure to Prevent Discrimination and Retaliation In Violation of FEHA**

California Fair Employment and Housing Act § 12940(k)

111. Plaintiff realleges and incorporates herein by reference, each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

112. At all times herein relevant to this Complaint, Plaintiff was an employee of Defendant and covered by FEHA.

113. Defendants are each subject to the laws of the State of California and are entities subject to suit under FEHA for discrimination in that each of these Defendant is an employer who regularly employs five (5) or more persons.

114. Under California Government Code § 12940(k), Defendant was required to take all reasonable steps necessary to prevent and correct discrimination and retaliation in the workplace. This provision recognizes that employers are not only prohibited from engaging in discrimination and retaliation but also have an affirmative duty to prevent such unlawful

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE



Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

conduct. These steps include disciplining harassers, providing proper training, adopting and enforcing anti-discrimination and anti-retaliation policies, and ensuring compliance with such policies throughout the workplace.

115. Defendant terminated Plaintiff on November 16, 2023, for illegitimate and pretextual reasons when Plaintiff was exercising his legal rights to a workplace free of discrimination and workplace safety violations. Defendant failed to take reasonable steps to prevent and correct discriminatory and/or retaliatory conduct.

116. Defendant failed to take reasonable steps to prevent and correct discriminatory and retaliatory conduct. Despite Plaintiff's complaints and reports regarding discrimination, retaliation, and unsafe working conditions, Defendant failed to investigate, address, or remedy the situation. Instead, Defendant allowed a workplace culture that tolerated and perpetuated discriminatory and retaliatory behavior.

117. As a direct and proximate result of Defendant's retaliatory actions, Plaintiff suffered economic damages, including but not limited to lost wages, lost benefits, and diminished earning capacity.

118. Plaintiff has also suffered non-economic damages, including emotional distress, humiliation, and harm to professional reputation as a direct result of Defendant's retaliatory actions.

119. Defendant's conduct was willful, malicious, and oppressive, entitling Plaintiff to an award of punitive damages.

120. As a direct and proximate result of the conduct of Defendant, Plaintiff has incurred and continues to incur legal expenses and attorney fees that under California Government Code §12965(b), Plaintiff is entitled to recover reasonable attorney's fees according to proof at the time of trial.

121. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.


Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606

**<u>SIXTH CAUSE OF ACTION</u>**
**<u>Hostile Work Environment under FEHA</u>**
Cal. Government Code § 12940(j)

122. Plaintiff realleges and incorporates herein by reference, each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

123. California's Fair Employment and Housing Act (FEHA) prohibits employers from subjecting employees to a hostile work environment based on a protected characteristic, including race and disability. California Government Code § 12940(j) makes it unlawful for an employer to harass an employee because of race, disability, or other protected statuses, and requires employers to take all reasonable steps to prevent such harassment.

124. At all relevant times, Plaintiff was an employee of Defendant and a member of multiple protected classes under FEHA as an African American individual and a person with a documented physical disability.

125. During his employment, Plaintiff was subjected to severe and pervasive harassment that altered the conditions of his employment and created a hostile work environment, including but not limited to:

126. Plaintiff was repeatedly denied promotions and lateral job opportunities despite his superior qualifications, work history, and performance awards.

127. Plaintiff received unjustified negative performance evaluations that were inconsistent with Plaintiff's actual work performance and feedback from his actual manager.

128. Plaintiff was forced to work in unsafe and hazardous conditions, including makeshift factory tents without proper safety measures, which resulted in significant physical injuries;

129. Plaintiff suffered retaliatory behavior from management after he participated in an HR roundtable discussion about unsafe working conditions, racial discrimination, and disregard for employee health.


Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606
ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

130. Plaintiff suffered unfair scrutiny, disparate treatment, and adverse actions taken against him following his internal complaints regarding workplace discrimination and safety violations.

131. Defendant's supervisors, managers, and HR personnel, acting within the scope of their employment, engaged in and/or condoned the hostile work environment by failing to take corrective action despite Plaintiff's repeated complaints.

132. Defendant's conduct was severe and pervasive enough to alter the conditions of Plaintiff's employment by creating an intimidating, oppressive, and offensive work environment.

133. Plaintiff's race and disability were substantial motivating factors in the harassment and hostile work environment he endured.

134. As a direct and proximate result of Defendant's creation and maintenance of a hostile work environment, Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, including retirement contributions and seniority, and has suffered humiliation, extreme and severe mental anguish, emotional distress normally associated with such discrimination and retaliation, and pain and suffering, among other damage. Plaintiff is therefore entitled to general and compensatory damages in an amount to be proven at trial.

135. In doing the acts herein alleged, Defendant, and each of them, acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and the oppressive fraudulent, and malicious conduct was perpetrated, authorized, or ratified by one or more officers, directors, or managing agents of Defendant, and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of trial.

## SEVENTH CAUSE OF ACTION
## Wrongful Discharge in Violation of Public Policy
Common Law Tort

136. Plaintiff realleges and incorporates herein by reference, each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.


Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606
ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

137. The FEHA represents fundamental principles of public policy for the State of California and forbids, *inter alia*, discrimination on the basis of a disability or medical condition or age.

138. November 16, 2023, Defendant terminated Plaintiff.

139. Plaintiff's termination was substantially motivated by the fact that he voiced complaints about workplace safety, had a disability and because of his race.

140. Plaintiff's termination is a violation of public policy, because the FEHA prohibits disability discrimination and retaliation for voicing concerns about workplace safety, disability discrimination, and also prohibits discrimination and retaliation based on race.

141. As a direct and proximate result of Defendant's actions and wrongful termination of Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, including retirement contributions and seniority, and has suffered humiliation, extreme and severe mental anguish, emotional distress normally associated with such discrimination and retaliation, and pain and suffering, among other damage. Plaintiff is therefore entitled to general and compensatory damages in an amount to be proven at trial.

142. In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and the oppressive fraudulent, and malicious conduct was perpetrated, authorized, or ratified by one or more officers, directors, or managing agents of Defendants, and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of trial.

## EIGHTH CAUSE OF ACTION
**Negligent Hiring, Supervision, or Retention**
Common Law Tort

143. Plaintiff realleges and incorporates herein by reference, each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

144. Defendant had a duty of care to hire, train, supervise, and retain employees in a manner that would prevent workplace discrimination, harassment, and retaliation. Employers are required

to take reasonable steps to ensure that employees, particularly those in supervisory positions, do not engage in conduct that violates anti-discrimination laws or creates a hostile work environment.

145. Defendant breached this duty by negligently hiring, supervising, and retaining individuals, including supervisors and managers, who engaged in disability discrimination and unlawful retaliation against Plaintiff. Defendant failed to implement adequate training programs and enforce company policies designed to prevent workplace discrimination and retaliation. As a result, Defendant allowed an environment where unlawful conduct persisted.

146. Defendant knew or should have known that certain employees, including supervisors and managers, engaged in discriminatory and retaliatory behavior. Despite being on notice of multiple employee complaints regarding workplace discrimination, retaliation, and safety concerns, Defendant failed to take appropriate corrective action. Defendant's failure to act allowed discrimination and retaliation to continue, ultimately leading to Plaintiff's wrongful termination.

147. Instead of addressing known issues, Defendant failed to adequately supervise its managerial employees, allowing them to exercise unchecked authority that resulted in unfair treatment of Plaintiff. Defendant failed to intervene or impose meaningful disciplinary measures despite clear warning signs that managers and supervisors were engaging in unlawful conduct. Defendant's failure to properly monitor and address misconduct in the workplace created conditions that directly harmed Plaintiff.

148. As a direct and proximate result of Defendant's negligence, Plaintiff suffered significant damages, including lost wages, lost benefits, diminished career prospects, emotional distress, reputational harm, and pain and suffering. Plaintiff's ability to secure future employment has been negatively impacted as a result of Defendant's actions.


Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606

149. Defendant's failure to properly manage, train, and discipline its employees was willful and reckless. Defendant acted with conscious disregard for Plaintiff's rights and well-being, entitling Plaintiff to compensatory damages and punitive damages in an amount to be determined at trial.

**NINTH CAUSE OF ACTION**
**Failure to Pay Overtime Compensation**
Cal. Labor Code §§ 510 and 1194; Wage Order 1-2001

150. Plaintiff realleges and incorporates herein by reference, each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

151. Plaintiff bases this cause of action upon Defendant's willful and intentional violations of the California Labor Code and Industrial Welfare Commission requirements that Defendant pay Plaintiff for all hours worked, including the requirement to pay premium overtime wages for work he performed in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek.

152. Defendant now, and at all relevant times did, recruit, solicit, hire, employ and furnish employment, and qualify as an employer pursuant to IWC Wage No. Order 1-2001 and title 8 of the California Code of Regulations, section 11010 (hereinafter collectively referred to as "the Wage Order"), which applies to occupations in the manufacturing industry.

153. At all relevant times, Plaintiff worked for Defendant as a non-exempt employee under the California Labor Code and was protected by the provisions of the Wage Order.

154. On various occasions during Plaintiff's employment with Defendant, the total amount of hourly and/or overtime wages paid to Plaintiff on his paycheck was less than the amount owed to him for his actual hours worked.

155. Pursuant to Labor Code § 204, as well as other applicable laws and regulations and public policy, an employer must timely pay its employees for all hours worked.


Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606
ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

156. Labor Code § 510 provides that "any work in excess of eight (8) hours in one workday and any work in excess of forty (40) hours in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

157. Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit."

158. At all times relevant herein, Defendant's conduct as alleged herein amounted to a uniform pattern of unlawful wage and hour practices which resulted from the implementation of uniform policies and practices by which Defendant failed to accurately record all hours worked by Plaintiff, thereby denying payment of minimum hourly and overtime premium wages to Plaintiff for his hours worked.

159. In committing the violations of the California Labor Code as alleged herein, Defendant engaged in an illegal attempt to avoid the payment of all earned wages and other benefits in violation of the California Labor Code, the Wage Order requirements and other applicable laws and regulations.

160. As a direct result of Defendant's unlawful wage practices as alleged herein, Plaintiff has been denied full compensation for all hours worked by him including, but not limited to, premium overtime wages for overtime hours.

161. As a direct consequence of Defendant's unlawful failure to pay Plaintiff the full and accurate amount of all earned wages at the appropriate rate for the true number of hours he worked, Plaintiff has suffered and will continue to suffer economic injuries in an amount which is presently unknown to him, and which will be ascertained according to proof at trial.

162. In performing the acts and practices in violation of California labor laws as herein alleged,

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE


Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606

163. Defendant has acted and continue to act intentionally, oppressively, and maliciously towards Plaintiff, with a conscious disregard for his legal rights and the consequences to him, and with the intent of depriving him of his property and legal rights and otherwise causing him injury, in order to increase Defendant's profits at the expense of Plaintiff.

164. Plaintiff requests recovery of all unpaid wages, including overtime premium wages, in an amount according to proof, interest on such amounts, statutory costs, and the assessment of any and all statutory penalties against Defendant, all in the sums as provided by the California Labor Code and/or other applicable statutes.

## TENTH CAUSE OF ACTION
## Failure to Provide Accurate Itemized Wage Statements
Cal. Labor Code § 226

165. Plaintiff realleges and incorporates herein by reference, each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

166. Under California Labor Code § 226, an employer is required to provide employees with accurate and itemized wage statements showing gross wages earned, total hours worked, deductions, net wages earned, and all applicable pay rates.

167. Defendant knowingly and intentionally failed to provide Plaintiff with accurate itemized wage statements, omitting critical information such as actual hours worked and pay rates.

168. As a direct and proximate result of Defendant's failure to provide accurate wage statements, Plaintiff has suffered economic harm and confusion about his wages, preventing him from verifying proper compensation.

169. Defendant's failure to provide accurate itemized wage statements was willful and intentional, entitling Plaintiff to recover statutory penalties, attorneys' fees, and all other relief available under California law.

## ELEVENTH CAUSE OF ACTION
## Failure to Pay Wages for All Hours Worked


Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606

Cal. Labor Code §§ 204, 1194

170. Plaintiff realleges and incorporates herein by reference, each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

171. California law requires employers to pay employees for all hours worked, including any time spent under the employer's control. Under California Labor Code §§ 204 and 1194, an employer must compensate an employee for all time worked, including time the employee is subject to the employer's control, even if not actively engaged in work.

172. During Plaintiff's employment with Defendant, Plaintiff was regularly required to wait before clocking in for work at the beginning of shifts and after lunch breaks, but was not compensated for this time. Defendant required Plaintiff to arrive at the worksite early and be present before being allowed to clock in, and also required Plaintiff to wait after lunch before resuming work.

173. Defendant's failure to compensate Plaintiff for this pre- and post-clock-in waiting time constitutes a violation of California labor laws requiring payment for all hours worked. Defendant's practice of requiring Plaintiff to be present and subject to its control but failing to compensate Plaintiff for such time constitutes an unlawful deprivation of wages.

174. As a direct and proximate result of Defendant's failure to provide accurate wage statements, Plaintiff has suffered economic harm and confusion about his wages, preventing him from verifying proper compensation.

175. Defendant's failure to provide accurate itemized wage statements was willful and intentional, entitling Plaintiff to recover statutory penalties, attorneys' fees, and all other relief available under California law.

**TWELFTH CAUSE OF ACTION**
**Unfair Business Practices**
Business & Professions Code § 17200 Et. Seq.


Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606
ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

176. Plaintiff realleges and incorporates herein by reference, each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

177. Defendant engaged in unlawful, unfair, and fraudulent business practices in violation of California Business and Professions Code § 17200 et seq. by failing to properly provide Plaintiff a safe work environment, failing to compensate him for overtime and working hours, and retaliating against him for engaging in protected activity.

178. Defendant's actions constitute unfair competition and provide an unlawful advantage over competitors who comply with California labor laws.

179. As a direct and proximate result of Defendant's unfair business practices, Plaintiff has suffered economic harm and seeks restitution of unpaid wages, statutory penalties, and all other relief permitted under California law.

## THIRTEENTH CAUSE OF ACTION
**Waiting Time Penalties**
Cal. Lab. Code §§ 201-203

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.
2. Under California Labor Code §§ 201-203, an employer is required to pay all earned wages to an employee immediately upon termination. If an employer willfully fails to pay an employee's final wages, the employee is entitled to waiting time penalties.
3. Defendant willfully failed to pay Plaintiff all wages due upon termination for months, causing Plaintiff to suffer additional damages in the form of waiting time penalties.
4. When Plaintiff was terminated, he was not paid any PTO until he brought the omission to the attention of Tesla. When it was finally paid, it was paid late.
5. As a direct and proximate result of Defendant's failure to pay all wages due upon termination, Plaintiff has suffered economic harm, including lost wages and penalties.


Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606

6. Defendant's failure to pay Plaintiff's final wages was willful and intentional, entitling Plaintiff to recover waiting time penalties, attorneys' fees, and all other relief available under California law.

**FOURTEENTH CAUSE OF ACTION**
**Violation of PAGA**
Cal. Labor Code § 2698 et. seq.

180. Plaintiff realleges and incorporates herein by reference, each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

181. PAGA (Cal. Lab. Code §§ 2698 et seq.) permits an aggrieved employee to bring a representative action on behalf of themselves and other current and former employees for civil penalties arising from violations of the California Labor Code.

182. Defendant committed multiple violations of the California Labor Code, including but not limited to failure to pay overtime wages, failure to provide accurate itemized wage statements, and failure to pay wages for hours worked.

183. Plaintiff provided the required written notice to the California Labor and Workforce Development Agency (LWDA) and to Defendant, detailing these Labor Code violations as required under PAGA.

184. More than sixty-five (65) days have passed since Plaintiff provided notice to the LWDA, and the agency has not intervened in this matter, thereby authorizing Plaintiff to pursue civil penalties under PAGA.

185. As a direct and proximate result of Defendant's multiple Labor Code violations, Plaintiff and other aggrieved employees are entitled to recover civil penalties on behalf of the State of California for these violations.

186. Plaintiff seeks all available civil penalties under PAGA, including penalties payable to affected employees and attorneys' fees as permitted by law.


Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE

187. Defendant's violations were willful and systematic, entitling Plaintiff to maximum allowable penalties under PAGA.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, prays for judgment against the DEFENDANT, as follows:

7. For past, present and future general damages in an amount to be determined at trial;
8. For past, present and future special damages, including but not limited to past, present and future lost earnings for PLAINTIFF and other items of economic damages and others, in an amount to be determined at trial;
9. Any and all appropriate punitive or exemplary damages against DEFENDANT, should they be permissible;
10. For attorney's fees and costs as applicable pursuant to various sections of the California Labor Code against DEFENDANT, or otherwise as allowable by law;
11. For attorney's fees and costs as applicable pursuant to California Private Attorney General Act;
12. Any appropriate statutory damages;
13. For costs of suit;
14. For interest as allowed by law;
15. For such other and further relief as the court may deem proper.

Respectfully submitted,

Dated: February 27, 2025

Emily Abraham, Esq.
Gautam Jagannath, Esq.
ABRAHAM & GAUTAM, LLP
*Counsel for PLAINTIFF*


Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606

4101 Dublin Blvd., Ste F.
Dublin, CA 94568

**JURY DEMAND**

PLAINTIFF hereby demand a jury trial on all claims for relief alleged in, and on all issues raised by, this Complaint.

Respectfully submitted,

Dated: February 27, 2025

Emily Abraham, Esq.
Gautam Jagannath, Esq.
ABRAHAM & GAUTAM, LLP
*Counsel for PLAINTIFF*
4101 Dublin Blvd., Ste F.
Dublin, CA 94568

ABRAHAM & GAUTAM, LLP | CIVIL RIGHTS BOUTIQUE


Lawyaw Package ID: 2d0762d9-a12a-4087-8f82-41b1b552c606